**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
**WILLIAM J. COHEN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEY FOR APPELLEE:

**PETER D. TODD**
Todd Law Offices
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL EDWARD McMINN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1106-DR-245 |
| | ) | |
| LISA STEPHANIE McMINN, | ) | |
| | ) | |
| Appellee. | ) | |

### APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0105-DR-305

**August 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant Paul Edward McMinn ("Father") appeals from the trial court's order which established that his and Appellee Lisa Stephanie McMinn's ("Mother') minor child, H.McM. ("Son"), should continue his secondary education at a private, parochial high school. Specifically, Father contends that the trial court erred in ordering that Son continue his secondary education at Saint Joseph's High School ("St. Joseph's"), rather than at a local public high school. Father further contends that, even if the trial court did not err in ordering that Son continue his education at St. Joseph's, the trial court erred in ordering that he should bear the cost of Son's tuition and textbook rental. We affirm in part and remand the instant matter to the trial court for further findings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On February 26, 2003, the parties were divorced. After the parties' divorce, Son resided primarily with Mother and attended private parochial school. Father filed a motion to modify the divorce decree with respect to child support and school expenses on April 16, 2010. On June 4, 2010, Mother filed a petition to modify custody. The contested issues set forth by the parties related to the most appropriate academic placement for Son, who had been diagnosed with Asperger's Disorder. Mother indicated that she believed that a private parochial school setting would be in Son's best interests, while Father indicated that he believed that a public school setting would be in Son's best interests. In support, Father stated that he felt that a public school could offer more resources to assist Son in his academic studies.

2

The trial court conducted a hearing on the parties' motions relating to custody and Son's future academic placement on February 3, 2011. During the evidentiary hearing, the trial court heard testimony relating to Son's academic progress and need for individualized education plans. The trial court also heard testimony outlining the advantages and disadvantages of the educational opportunities offered at St. Joseph's as compared to those offered by a public school setting.

On March 10, 2011, the trial court entered an order granting the parties joint legal custody of Son. The March 10, 2011 order also resolved the contested issues relating to child support, private parochial school education costs, transportation expenses, and payment of textbook rental fees. The March 10, 2011 order (1) set Father's child support obligation at $54.00 per week pursuant to the agreed child support obligation worksheet tendered by the parties; (2) directed that Son was to continue his secondary education at St. Joseph's; (3) required Father to pay Son's tuition and textbook rental fees; and (4) required Mother to pay fees and costs associated with Son's transportation, clothing, school supplies, and school lunches.

Father filed a motion to correct error on March 30, 2011. The trial court conducted a hearing on Father's motion on April 25, 2011. The trial court denied Father's motion to correct error on May 10, 2011. This appeal follows.

**DISCUSSION AND DECISION**

Father contends that the trial court erred in ordering that Son continue his education at St. Joseph's rather than a local public school. In support, Father argues that he believes that

3

it would be in Son's best interests to attend a public school because he feels that a public school could offer more resources to assist Son in his academic studies. Father further contends that even if the trial court did not err in ordering that Son continue his education at St. Joseph's, the trial court erred in ordering him to pay Son's tuition and textbook rental fees.

### I. Whether the Trial Court Erred in Ordering that Son Continue his Education at St. Joseph's

Father claims that the trial court erred in ordering that Son continue his education at St. Joseph's rather than at a local public high school. Where, as here, the trial court enters findings of facts and conclusions thereon, we apply a two-tiered standard to review the court's entry. *Carmichael v. Siegel*, 754 N.E.2d 619, 625 (Ind. Ct. App. 2001).

> First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. *Oil Supply Co., Inc. v. Hires Parts Service, Inc.*, 726 N.E.2d 246, 248 (Ind. 2000). In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id*. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. *Id*. Challengers must establish that the trial court's findings are clearly erroneous. *Id*. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. *Carnahan v. Moriah Property Owners Ass'n, Inc.*, 716 N.E.2d 437, 443 (Ind. 1999). However, while we defer substantially to findings of fact, we do not do so to conclusions of law. *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000). Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. *Shell Oil Co. v. Meyer*, 705 N.E.2d 962, 972 (Ind. 1998). We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions. *Anthem Ins. Companies, Inc. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind. 2000).

*Id*.

In support of his claim, Father highlighted his testimony at the February 3, 2011 evidentiary hearing, during which he asserted that he believed that it would be in Son's best interest to attend a public high school rather than continue at St. Joseph's. Specifically, Father stated that he believed that a public school setting would present Son with better educational opportunities because at least one local public high school provided additional instructional assistance to students with disabilities than is offered by St. Joseph's. Father also stated that he believed that it would be easier for Son to adjust to a public school setting than to continue in a private parochial setting.

Mother, on the other hand, testified that she believed it was in Son's best interest that he continue his education in a smaller private school setting. The trial court found that both parties were acting in good faith with regard to their preferred education option. Mother, Son's school counselor, and the court-appointed custody evaluator all testified that it was in Son's best interest for Son to continue his education at St. Joseph. This testimony supports the trial court's order. As such, we will not disrupt the trial court's order that Son continue his education at St. Joseph.[1] *See id*. In highlighting his testimony regarding why he believes a public school setting is in Son's best interest, Father essentially asks that we reweigh the evidence, which, again, we will not do. *See Carmichael*, 754 N.E.2d at 625.

## II. Whether the Trial Court Erred in Ordering Father to Pay Son's Tuition and Textbook Rental Fees

---

[1] Further, to the extent that Father also claims that the trial court's order is clearly erroneous because nothing in the record supports the trial court's finding that it was likely that Son would have continued in a parochial school setting had the parties remained married, the record shows that Son had been enrolled in a parochial school throughout his education and nothing suggests that the parties would not have continued if the parties had remained married.

5

Father also argues that even if the trial court properly ordered that Son continue his education at St. Joseph's, the trial court erred in ordering him to pay Son's tuition and textbook rental fees. Specifically, Father argues that "[t]he trial court should have ordered the parties to divide the remaining cost for [Son] to attend [St. Joseph's], including the tuition, transportation and book fee expenses by the same proportion of their incomes as on the Child Support Obligation Worksheet." Appellant's Br. p. 10. A child support order, including the apportionment of educational expenses, will be disturbed only when it is clearly erroneous. *Carr v. Carr*, 600 N.E.2d 943, 945 (Ind. 1992). However, when the decision to order the payment of extraordinary educational expenses is challenged, the order should be reviewed for abuse of discretion. *Id.*

Indiana Code section 31-16-6-2 (2009) allows for educational support orders. It provides that, where appropriate, an educational support order may include amounts for the child's education in secondary schools, taking into account the child's aptitude and ability, the child's reasonable ability to contribute to the educational expenses, and the ability of each parent to meet these expenses. Ind. Code § 31-16-6-2(a)(1). Generally, educational expenses should be divided among the parties in an amount roughly proportional to the percentage of the parties' gross total income attributable to each party. *See generally Warner v. Warner*, 725 N.E.2d 975, 978 (Ind. Ct. App. 2000) (providing that a "rough proportionality" has been required in the apportionment of post-secondary education expenses between the portion of expenses attributed to the parents). While a requirement of rough proportionality is not a requirement of precise parity, deviations from a rough proportionality require a finding that

6

such an apportionment would be unjust.  *See id.*

In the instant matter, the trial court determined that it was in Son's best interest for him to continue his education at St. Joseph's.  Nothing in the record suggests that Son has the ability to contribute to the educational expenses, leaving the parties to pay said expenses. Father does not assert that he is unable to contribute to Son's educational costs and acknowledges that if Son continues to attend St. Joseph's, he should bear some responsibility for Son's educational costs.  Father argues, however, that these costs should be roughly proportioned between the parties.

Specifically, Father argues that "[t]he trial court should have ordered the parties to divide the remaining cost for [Son] to attend [St. Joseph's], including the tuition, transportation and book fee expenses by the same proportion of their incomes as on the Child Support Obligation Worksheet."  Appellant's Br. p. 10.  The Child Support Obligation Worksheet divided the parties' total wages with 54.75% attributed to Father and 45.24% attributed to Mother.  As such, Father claims that the trial court erred in allocating what he claims is 81.7% of Son's education-related expenses in addition to his $54.00 weekly child support obligation.[2]

On appeal, Father relies on this court's opinion in *Carmichael* for the proposition that Son's tuition costs should have been apportioned between the parties based on their respective incomes.  In *Carmichael*, this court directed the trial court to revisit the issue of

---

[2]  We are unable to determine whether Father's assertion regarding the percentage of educational expenses is accurate because the record does not contain any information relating to the costs associated with textbook rental, obtaining the necessary clothing or school uniforms, transportation, or school lunches.

apportioning the cost of the private school attended by the parties' child after it reconsidered issues relating to the parties' incomes and child support obligations. 754 N.E.2d at 634. The *Carmichael* court noted that the trial court appeared to have "believe[d] it was roughly apportioning the cost" of tuition, but concluded that such apportionment should be reconsidered following a reevaluation of the parties' respective incomes. *Id*.

In the instant matter, the trial court noted that pursuant to the parties' divorce decree, Father agreed to pay Son's educational expenses, including textbook fees, tuition, and other related expenses through Son's completion of secondary school in lieu of child support. However, in its March 10, 2011 order, the trial court found that there had been a substantial change in the statutory factors[3] and modified the parties' divorce decree to impose a child support obligation of $54 per week on Father in addition to ordering Father to pay Son's tuition and textbook rental expenses. The trial court's March 10, 2011 order does not include an explanation of what substantial change had occurred in the parties' respective financial situations that would warrant a departure from their previously agreed upon financial arrangement. In addition, the trial court did not make any findings regarding why a roughly proportioned division of Son's educational expenses would be unjust.

Again, while a rough proportionality is not a requirement of precise parity, deviations from a rough proportionality require a finding that such an apportionment would be unjust. *See Warner*, 725 N.E.2d at 978. As such, in light of the trial court's failure to make findings regarding why a roughly proportioned division of Son's educational expenses would be

---

[3] *See* Indiana Code § 31-17-2-8 (2009).

8

unjust, we remand the instant matter to the trial court for further findings regarding why such a finding would be unjust. *See generally id.* Alternatively, if appropriate, the trial court should make findings regarding the cost of the expenses allocated to Mother so to demonstrate that its findings do result in a roughly proportional allocation of Son's educational expenses.

The judgment of the trial court is affirmed in part and remanded for further findings consistent with this opinion.

VAIDIK, J., and CRONE, J., concur.